**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-23064-CIV-D'ANGELO**

**DMITRII SHITOV,**

    **Plaintiff,**

vs.

**KRISTI NOEM, SECRETARY, DEPARTMENT**
**OF HOMELAND SECURITY (DHS), et al.,**

    **Defendants.**
_____/

## SECOND ORDER REGARDING JURISDICTION

Pursuant to Administrative Order 2025-11 ("Administrative Order"), the undersigned United States Magistrate Judge has been assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. The Administrative Order permits any party to "opt out [of the Magistrate Judge's jurisdiction] by filing a motion for case reassignment within the deadline given to the parties by the assigned Magistrate Judge."

Any party is free to opt out of the Magistrate Judge's jurisdiction without any adverse consequences.[1] If any party does opt out of the Magistrate Judge's jurisdiction by filing a motion for case reassignment, a United States District Judge will be assigned to preside over this case, including any trial, and enter any dispositive order and final judgment. The undersigned Magistrate Judge will remain on the case and will enter any orders and/or report and recommendations on any matters referred by the District Judge.

---

[1] On July 9, 2025, the Court issued an Order Regarding Jurisdiction, giving Plaintiff fourteen (14) days to request reassignment to a District Judge (DE 11).

If the parties consent to have the case handled by a Magistrate Judge, the undersigned will enter all orders, preside over any trial, and render a final decision and judgment in due course. An appeal from the final judgment is taken to the United States Court of Appeals for the Eleventh Circuit.

If Defendants do not file a motion for case reassignment within fourteen (14) days from the date of this Order Regarding Jurisdiction, nothing more needs to be done by the parties as to this issue, and this case shall proceed in full before the undersigned Magistrate Judge for all purposes including any trial, entering any dispositive order, and, if appropriate, a final judgment.[2]

A motion for reassignment does not need to be supported by a memorandum of law and does not require a Local Rule 7.1 conferral certification.

**DONE and ORDERED** in Chambers in Miami, Florida on this 19th day of August, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   *Pro Se* Plaintiff Dmitrii Shitov
      All Counsel of Record

---

[2] A party's continued filing of documents in the case without filing a timely motion for case reassignment shall be deemed as consent by that party to the jurisdiction of the undersigned Magistrate Judge over all aspects of the litigation, including any trial and the entry of a dispositive order and final judgment. *See Roell v. Withrow*, 538 U.S. 580, 591 (2003) (a party's consent to the Magistrate Judge's jurisdiction under § 636(c) is supplied by a "general appearance[] before the Magistrate Judge, after they ha[ve] been told of their right to be tried by a district judge").