UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23064-EFD

**DMITRII SHITOV,**

    **Plaintiff,**

v.

**U.S. DEPARTMENT OF
HOMELAND SECURITY, et al.,**

    **Defendants.**

_____/

**UNOPPOSED MOTION TO STAY
PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

U.S. Department of Homeland Security et al., ("Defendants"), by and through the undersigned counsel, respectfully requests the Court stay all action in this case, including its Order requiring the filing of a joint scheduling report, a scheduling order, and discovery schedule, pending a resolution of Defendants' Motion to Dismiss Complaint for Writ of Mandamus and Injunctive Relief under the Administrative Procedure Act. *See* (ECF No. 13).

**I.**     **BACKGROUND**

On July 9, 2025, Plaintiff filed his Complaint for Declaratory and Injunctive Relief and for Writ of Mandamus asking the Court to compel adjudication of his pending Form I-589, Application for Asylum and for Withholding of Removal. *See* (ECF No. 1).

On August 19, 2025, the Court issued its Order Requiring Scheduling Report and Certificate of Interested Parties, which required the parties to meet and confer under Local Rule 16.1(b)(2) and (3). *See* (ECF No. 15).

On August 19, 2025, Defendants filed their motion to dismiss, which remains pending. *See* (ECF No. 13).

## II. ARGUMENT

"District courts enjoy broad discretion in deciding how to best manage the cases before them." *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. Dec. 15, 2023) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). The Eleventh Circuit Court of Appeals has "repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly to avoid 'a massive waste of judicial and private resources'" when exercising that discretion. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir.1998)); *see also Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (quoting *Perez*, 297 F.3d at 1263). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas*, 676 F. App'x at 932. "Indeed, motions to dismiss should, ideally, 'be resolved before discovery begins.'" *Id*. (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

Moreover, facial challenges to jurisdiction "should be resolved *before* discovery to conserve the resources of the Court, counsel, and parties. *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994-RAR, 2021 WL 10428229, at *1 (S.D. Fla. Oct. 9, 2021) (citing *Chudasama*, 123 F.3d 1353); *see also Rivas*, 676 F. App'x at 932 (concluding that where discovery is not needed for the resolution of the motion, a stay of discovery is proper); *Ministerio Roca Solida v. U.S. Dep't of Fish and Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013) ("common situations warranting a stay pending a ruling on dispositive motions include when the dispositive motions raise issues of jurisdiction, venue, or immunity").

Defendants respectfully submit that the Court should exercise its discretion to stay the proceedings pending a decision on their motion to dismiss to conserve the resources of the Court and parties. In the Motion to Dismiss, Defendants, chiefly, argued that Plaintiff has not stated a

claim upon which relief can be granted because the adjudication of her Form I-589, Application for Asylum and for Withholding of Removal has not been unreasonably delayed as a matter of law under the Administrative Procedure Act, 5 U.S.C. § 555(b).  Further, Defendants argued Plaintiff's Mandamus claim under 28 U.S.C. § 1361 should be dismissed for lack of subject matter jurisdiction. *See* (ECF No. 10 at 2-10).  An order by the Court on these arguments is dispositive to the claims raised by Plaintiff in his Complaint. Thus, Defendants submit that staying all action in this case, including the need for a scheduling conference, a scheduling order, and is warranted to conserve resources for both the judiciary and the parties.

Accordingly, Defendants respectfully request the Court grant the Unopposed Motion to Stay Pending Resolution of Defendants' Motion to Dismiss in ECF No. 13.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:   */s/ Michele S. Vigilance*
MICHELE VIGILANCE
ASSISTANT U.S. ATTORNEY
Court ID No. 5502091
E-mail: michele.vigilance@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (305) 432-1406