UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-23064-EFD

**DMITRII SHITOV,**

    **Plaintiff,**

v.

**U.S. DEPARTMENT OF
HOMELAND SECURITY, et al.,**

    **Defendants.**

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

U.S. Department of Homeland Security, et al., ("Defendants"), by and through the undersigned counsel, hereby submit this reply memorandum in support of their Motion to Dismiss. ECF No. 13.

**I.      INTRODUCTION**

Plaintiff's Response in Opposition to the Motion to Dismiss ("Plaintiff's Response") fails to rebut that (1) this is Court lacks subject matter jurisdiction over Plaintiff's claim under the Mandamus Act and (2) Plaintiff failed to plead factual allegations in support of his claim under the Administrative Procedures Act ("APA"). Plaintiff fails to demonstrate why his Form I-589, Application for Asylum and for Withholding of Removal ("Asylum Application"), currently pending with USCIS, should be acted upon before others facing similar situations. Because Plaintiff failed to establish jurisdiction or unreasonable delay under the APA, this Court should dismiss Plaintiff's Complaint.

## II.     ARGUMENT

Plaintiff argues in his Response that the Court should deny the Government's motion to dismiss based on an analysis of the six-factor test delineated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). Plaintiff does so while acknowledging that the Eleventh Circuit "has not expressly decided whether it is appropriate to consider those factors on a motion to dismiss." *See* ECF No. 25 at 5. Whether or not this Court adopts the *TRAC* factors[1], the Plaintiff remains unable to show that the delay in the adjudicating his application is unreasonable.

The adjudication of Plaintiff's application has indeed taken longer than 180 days. However, there is no evidence that this delay, while an unfortunate reality, is complicated by the necessary aggravating factor of unreasonableness. Indeed, where similar applications have been unadjudicated for as long as five years, the Courts have ruled such delays to be reasonable. *See* ECF 13 at 4.. This being the case, an inquiry into the government's specific policies guiding the scheduling of asylum interviews and adjudications is unnecessary because these policies are irrelevant to the determination of whether a particular case was adjudicated within a reasonable time, pursuant to Section 555(b).

---

[1] The *TRAC* factors are as follows: (1) the time agencies take to make decisions must be governed by a rule of reason[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by delay[;] and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed. *TRAC*, 750 F.2d at 80 (citations and internal quotation marks omitted).

Congress has clearly prohibited the creation of a private right of action in cases where, as here, a Plaintiff is requesting the adjudication of an application through the filing of a Complaint in District Court. Through subsection 8 U.S.C. § 1158(d)(7), Congress has prohibited "any substantive or procedural right or benefit that is legally enforceable by any party against the United States" stemming from subsection (d)(5)(ii)'s timing provision. *See* § 1158(d)(7). *See Ivantchouk v. U.S. Attorney Gen.*, 417 F. App'x 918, 921-22 (11th Cir. 2011) ("Furthermore, insofar as she challenged the adequacy of the notice that the frivolous-application bar would be invoked, this issue did not create a private right of action that could be enforced in the district court.") (citing § 1158(d)(4)(A), (d)(6), (d)(7)); *Ignatova v. Jaddou*, No. 22-cv-62103-AHS, 2023 U.S. Dist. LEXIS 154353, *15-16 (S.D. Fla. Aug. 15, 2023) ("Section 1158(d)(7) does not provide a right of action under the INA based upon Respondents' failure to adjudicate Ms. Ignatova's asylum application within the 180-day timeframe set forth in Section 1158(d)(5)"). Thus, Defendants are under no statutory requirement to adjudicate the Application within 180 days of filing. Contrary to Plaintiff's assertion, these points address the first two *TRAC* factors, dictating a finding in the government's favor.

None of the Plaintiff's remaining arguments warrant a finding in his favor. As previously stated, the negative impact of a delayed adjudication on an applicant's ability to pursue an education or a desired vocation is an unfortunate consequence of an overburdened immigration system. The government remains sensitive to this negative impact and continues to its efforts to adjudicate all applications as efficiently as possible. However, all applications must and should reasonably be adjudicated in turn and without the Court's intervention where such intervention is sought and obtained for the sole purpose of expediting one application's adjudication ahead of all (or even any) others. "A judicial order putting [the petitioner] at the head of the queue [would]

simply move [] all others back one space and produce[] no net gain". *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100-01 (D.C. Cir. 2003). Plaintiff here puts forth an experience shared by many of his fellow applicants. While sympathetic, these circumstances are not unique and do not warrant prioritizing Plaintiff's application at the expense of all those who applied beforehand. Similarly, courts in this district have found that moving a plaintiff ahead of others in the queue solely because of litigation "would set a dangerous precedent, sending a clear signal that more litigious applicants are more likely to be moved to the top of the proverbial pile over other applicants that have waited even longer." *Echeverri v. United States Citizenship & Immigration Servs.*, Case No. 23-CV-21711-RAR**,** 2023 U.S. Dist. LEXIS 146573, at *19 (S.D. Fla. Aug. 21, 2023). This speaks directly to the remaining *TRAC* factors.

As to Plaintiff's claim for relief under the Mandamus Act, Plaintiff raises no additional or new arguments reflecting a clear right to relief, or a showing that the government has a nondiscretionary duty to adjudicate his asylum application within a specific timeframe. Furthermore, the existence of adequate alternative relief through the APA necessarily forecloses a grant of a writ of mandamus. *Hollywood Mobile Ests. Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1268 (11th Cir. 2011).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss the Complaint for Writ of Mandamus and Injunctive Relief Under the Administrative Procedure Act.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: /s/ Michele S. Vigilance
MICHELE VIGILANCE
ASSISTANT U.S. ATTORNEY
Court ID No. 5502091
E-mail: michele.vigilance@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (305) 432-1406

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being emailed Plaintiff, Mr. Dmitrii Shitov at dmitrii@gmail.com on this day.

/s/Michele S. Vigilance
Michele S. Vigilance, AUSA